

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KELLY LUCAS : 
 : CIVIL ACTION
v. : 
 : NO. 11-4417
LIBERTY LIFE ASSURANCE : 
COMPANY OF BOSTON, ET AL. : 

FILED
DEC 1 2 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

SURRICK, J.                                                                   DECEMBER __, 2011

## MEMORANDUM

Presently before the Court is Plaintiff Kelly Lucas's Motion for Discovery. (ECF No. 16.) For the following reasons, the Motion will be granted in part and denied in part.

### I. BACKGROUND

Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Compl. ¶ 1, ECF No. 1.) She seeks judicial review of the decision of Defendants Liberty Life Assurance Company of Boston and Liberty Mutual Group to deny long-term disability benefits, which Plaintiff contends are due to her under her employer Geisinger System Services's long-term disability plan ("Plan"). (*Id.* at ¶ 2.)[1]

An Initial Pre-Trial Conference was held on October 12, 2011. (ECF No. 13.) During this conference, Plaintiff's counsel requested to conduct discovery. In response to this request,

---

[1] Plaintiff originally named Liberty Life Assurance Company of Boston, Liberty Mutual Group, Geisinger System Services, Geisinger Long-Term Disability Plan, Geisinger Long-Term Disability Policy and Geisinger Health Systems as defendants. (Compl.) On September 23, 2011, Plaintiff stipulated to dismissing the action against Geisinger System Services, Geisinger Long-Term Disability Plan, Geisinger Long-Term Disability Policy and Geisinger Health Systems, with prejudice. (ECF No. 10.) We approved this stipulation on September 26, 2011. (ECF No. 11.)
    In addition, in her Complaint, Plaintiff asserts that she has exhausted all administrative remedies under the Plan's claims procedure. (Compl. ¶ 4.)

we entered an Order requiring that Plaintiff file a motion formally requesting discovery. (Order ¶ 1, ECF No. 14.) The Order required Plaintiff to outline the specific discovery that she sought to obtain. (*Id.*) With regard to any depositions that Plaintiff intended to take, the Order required that Plaintiff outline the specific information that she was seeking and the reasons therefor. (*Id.*)

Plaintiff filed the instant Motion on October 17, 2011. (Pl.'s Mot., ECF No. 16.) Plaintiff has requested limited discovery in the form of one set of written interrogatories and requests for admissions and one deposition of Defendants' Appeal Review Consultant, Stephanie Berry. (*Id.* at ¶¶ 1-7.) On October 24, 2011, Defendants filed their Response in Opposition to Plaintiff's Motion. (Defs.' Resp., ECF No. 17.) Defendants contend that the discovery which Plaintiff requests exceeds the proper scope of discovery for an ERISA action and accordingly, requests that the Court deny Plaintiff's Motion. (*Id.* at 2, 11.)[2]

## II.  DISCUSSION

The parties agree that the appropriate standard of review in this action is the arbitrary and capricious standard. (*See* Pl.'s Br. 2-3, ECF No. 16-1; Defs.' Resp. 2.)[3] An entity administering an ERISA plan must "provide a 'full and fair review' of claim denials." *Firestone Tire & Rubber*

---

[2] Defendants also assert that "[c]ontrary to the Court's October 12, 2011 order, Plaintiff's motion and supporting memorandum does not attach the proposed interrogatories or request for admissions . . . ." (Defs.' Resp. 2.) Our Order did not require Plaintiff to attach these written discovery requests.

[3] In the ERISA context, courts in this Circuit have used the term "arbitrary and capricious" interchangeably with "abuse of discretion." *See, e.g., Funk v. CIGNA Group Ins.*, 648 F.3d 182, 190 & n.10 (3d Cir. 2011) (using "abuse of discretion" standard and equating that standard with an "arbitrary and capricious" review); *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 845 n.2 (3d Cir. 2011) ("In the ERISA context, the arbitrary and capricious and abuse of discretion standards of review are essentially identical."); *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 793 & n.6 (3d Cir. 2010) (same).

*Co. v. Bruch*, 489 U.S. 101, 113 (1989) (quoting 29 U.S.C. § 1133(2)). A participant or beneficiary who disagrees with an administrator's decision may bring an action in federal court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Where a plaintiff alleges that a plan administrator abused his discretion in deciding to terminate or deny benefits, we generally limit our review to the administrative record—that is, to the "evidence that was before the administrator when [it] made the decision being reviewed." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997); *see also Post v. Hartford Ins. Co.*, 501 F.3d 154, 168 (3d Cir. 2007). In addition to our review of the administrative record, the Supreme Court requires that we consider any conflicts of interest in deciding whether there has been an abuse of discretion. In the case of *Firestone Tire and Rubber Co. v. Bruch*, the Court explained that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion." 489 U.S. at 115 (internal quotation marks omitted). In *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), the Court clarified this, indicating that while the existence of a conflict of interest, such as where "a plan administrator both evaluates claims for benefits and pays benefits claims," does not change the applicable standard of review, a reviewing judge must "take account of the conflict when determining whether the trustee, substantively or procedurally, has abused [its] discretion." *Id.* at 128. "[T]he significance of [a conflict] will depend upon the circumstances of the particular case." *Id.* at 108.

Interpreting *Glenn*, the Third Circuit in *Estate of Schwing v. Lilly Health Plan*, 562 F.3d

3

522 (3d Cir. 2009), stated that:

> courts reviewing the decisions of ERISA plan administrators or fiduciaries in civil enforcement actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B) should apply a deferential abuse of discretion standard of review across the board and consider any conflict of interest as one of several factors in considering whether the administrator or the fiduciary abused its discretion.

*Id.* at 525.

There are two general categories of conflicts. First, "structural conflicts" relate to financial incentives inherent in a plan's design, such as where the same entity both funds and administers a benefits plan. *See Post*, 501 F.3d at 162. Second, "procedural conflicts" relate to the way in which the administrator arrives at his or her decision. *Id.* at 164-65; *see also Sivalingam v. Unum Provident Corp.*, 735 F. Supp. 2d 189, 195 (E.D. Pa. 2010); *Dandridge v. Raytheon Co.*, No. 08-4793, 2010 WL 376598, at *2 (D.N.J. Jan. 26, 2010). Procedural conflicts often take the form of biases, which may be evidenced in a number of ways, such as "self-serving selectivity" in the use and interpretation of expert reports or the administrator's ordering a medical examination despite overwhelming evidence of disability. *Post*, 501 F.3d at 165.[4] An ERISA plaintiff is not entitled to take discovery on the merits but may do so regarding conflicts of interest. *Sivalingam*, 735 F. Supp. 2d at 196; *see also Rhodes v. Principal Fin. Group, Inc.*, No. 10-290, 2010 WL 4867618, at *2-3 (M.D. Pa. Nov. 23, 2010) (allowing discovery beyond the administrative record directed to conflicts of interest but denying discovery to the extent it sought to reexamine the merits of the administrator's determination).

The parties agree that under the Plan, Defendants are responsible for deciding questions

---

[4] Although *Post* was decided before *Glenn*, at a time when our Court of Appeals was still applying the sliding-scale standard of review, the discussion of structural and procedural conflicts in *Post* remains relevant to our post-*Glenn* abuse of discretion analysis.

4

of benefit eligibility and for paying benefits. (*See* Pl.'s Br. 1; Defs.' Resp. 5.) Accordingly, Plaintiff asserts that a structural conflict of interest exists. (Pl.'s Br. 1.) In addition, Plaintiff asserts that "procedural irregularities" indicating "bias or inattentive claims handling" existed. (*Id.*) These assertions, if true, would influence the review of the Plan administrator's decision. We will permit Plaintiff to conduct limited discovery beyond the administrative record to the extent it relates to the alleged conflicts of interest.

Plaintiff seeks to take the deposition of Defendants' Appeal Review Consultant, Stephanie Berry, to determine the answers to the questions of (i) why Berry relied upon a peer review opinion of Plaintiff's disability and ignored two prior independent medical examinations finding Plaintiff disabled and a functional capacity examination that determined that Plaintiff had less than sedentary capacity, (ii) why Berry ignored Plaintiff's treating doctors' opinions, (iii) why Berry failed to address Plaintiff's unchanged back condition and (iv) why Berry failed to follow ERISA regulations by failing to disclose the medical opinions she obtained before making the claims decision. (Pl.'s Br. 4.) Plaintiff argues that these questions are necessary to determine how "Ms. Berry's actions were actually affected by the presence of a high level of conflict," especially in this situation where "it is even unknown whether Ms. Berry relied on internal claims handling procedures or not." (*Id.*) Defendants contend that these questions "are nothing more than an attempt to conduct a deposition of Ms. Berry concerning the reasons for the final administrative decision and her thought process in arriving at her decision." (Defs.' Resp. 7.)

Although the answers to these questions may well shed light on how Berry arrived at her decision to deny Plaintiff benefits, the first three questions directly address Plaintiff's allegation

5

that an administrator selectively emphasized some evidence in favor of a denial of benefits and de-emphasized other evidence that suggested a contrary conclusion. Selective emphasis of certain evidence at the expense of other evidence suggesting a contrary conclusion may demonstrate how a conflict of interest affected a benefits determination. *See Glenn*, 554 U.S. at 118 (expressing "serious concern[]" about selective emphasis on evidence favoring denial of benefits and de-emphasizing other evidence suggesting a contrary conclusion). While on the surface, the fourth question addresses an alleged procedural irregularity, the question amounts to an inquiry into why Berry denied Plaintiff benefits. *See Rhodes*, 2010 WL 4867618, at *2-3 (concluding that plaintiff's allegation that the failure to disclose a doctor's report before an appeal denial "amount[ed] to a dispute over the reasonableness of [the administrator's] denial of [plaintiff's] short-term disability claim"); *see also Post*, 501 F.3d at 168-69 (noting that in evaluating an administrator's conflict of interest, a court may consider relevant evidence extrinsic to the administrative record such as evidence of the plan's funding mechanism, but should not evaluate extrinsic medical documents which are not relevant to bias and are only relevant to the merits of the administrative decision).

Plaintiff also seeks to serve on Defendants one set of written discovery to determine (i) why Defendants did not comply with ERISA regulations, (ii) why Defendants operated with one plan document, (iii) why Defendants were selfish in their treatment of Plaintiff's social security disability claim and (iv) why Defendants terminated Plaintiff's long-term disability benefits despite extensive evidence that her medical condition did not change. (Pl.'s Br. 4.) She claims that such discovery would enable the Court to "evaluate all indications of bias and their application to the standard of review." (*Id.*) These questions are overly broad and not tailored to

6

assess potential procedural and structural conflicts of interest or the influence of such conflicts on the denial of Plaintiff's claim for benefits. *See Aquilino v. Hartford Life & Accident Ins. Co.*, No. 10-2044, 2010 WL 3505172, at *4 (E.D. Pa. Aug. 31, 2010) (concluding that plaintiff failed to establish that she was entitled to discovery beyond the administrative record because the "broad, merits-based evidentiary pursuit [was] not permitted in the context of arbitrary and capricious review"); *Sivalingam*, 735 F. Supp. 2d at 197 (holding that plaintiff "may not discover the factors utilized in the determination to deny [plaintiff's] claim for disability benefits, to the extent that he seeks to learn the thought process of the administrator in making its decision) (internal quotation marks omitted). Accordingly, we will deny Plaintiff's request for written discovery.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Discovery is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

R. BARCLAY SURRICK, J.